IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WALTER A. McCULLOUGH
ADC #91861                                                                                          PLAINTIFF

v.                                      Case No. 3:10-cv-330-DPM

ANN HUDSON, Retired, Craighead
County Circuit Court Clerk;
CAROLYN YORK, Interim
Craighead County Circuit Court Clerk;
MARY ANN WILKINSON, Lee County
Circuit Court Clerk; and MOSES JACKSON,
Chief of Security, East Arkansas Regional Unit                       DEFENDANTS


ORDER

Walter A. McCullough is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction. He has filed an application to proceed *in forma pauperis* and a *pro se* § 1983 complaint, alleging violations of his constitutional rights. *Document Nos. 1–2*.

The Court's records demonstrate that McCullough is a three striker under 28 U.S.C. § 1915(g). McCullough may still proceed *in forma pauperis* if he shows that he is, at the time of filing, in "imminent danger of serious physical injury." *Ibid.*; *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

McCullough's complaint alleges in conclusory fashion that Defendant Moses Jackson is forcing him to perform work that is beyond his medical restrictions and housing him with "violent & cross classified inmates." *Document No. 2, at 7.* The Court needs more information to determine whether McCullough may satisfy § 1915(g)'s imminent-danger exception.

McCullough must therefore file — within thirty days of the entry of this Order — an amended complaint that states facts clarifying these eight points:

- His current medical restrictions;

- His current work assignment;

- How his current work assignment is placing him in imminent danger of serious physical harm;

- His current housing assignment;

- The names of any inmates in his housing area who have actually harmed him and a description of how he has been harmed by each inmate;

- Whether any of the inmates in his housing area are on his enemy alert list;

- Whether he has asked Defendant Jackson to place him in protective custody or move him to another area of the prison; and

- Whether he has asked Defendant Jackson to place any of the inmates in his housing area on his enemy alert list.

If McCullough fails to timely and properly file an amended complaint then this case may be dismissed without prejudice pursuant to Local Rule 5.5(c)(2). The Rule says:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

So Ordered.

*/s/ W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

// January //